UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-CR-60234-BLOOM

UNITED STATES OF AMERICA

vs.

JAMES GADSEN,

       **Defendant.**
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR TEMPORARY BOND

THIS CAUSE is before the Court on Defendant James Gadsen's Motion for Temporary Bond ("Motion"). [DE 47]. The Motion has been referred to me by the Honorable Beth Bloom. [DE 48]. I have considered the Motion, the Government's Response [DE 50], and all other pertinent parts of the record. For the following reasons, the Motion is **DENIED.**

On January 31, 2022, the Defendant commenced a three-year term of supervised release, following his completion of a 60-month sentence stemming from convictions for possession with intent to distribute cocaine and marijuana and possession of firearm by a convicted felon. On May 2, 2023, Judge Bloom signed a petition alleging that the Defendant had violated the terms of his supervised release by committing state drug trafficking offenses in Broward County on April 20, 2023 (specifically, trafficking in fentantyl, trafficking in oxycodone, possession with intent to sell cocaine, and distrubtion/delivery of cocaine). [DE 33].

On May 23, 2023, the Defendant appeared before me for a detention hearing. At that hearing, the Government presented evidence establishing probable cause to believe that the Defendant had committed the alleged violations. Specifically, the Government presented testimony indicating that law enforcement had received information in mid- to late 2022 (less than

one year after the commencement of the Defendant's supervised release) that the Defendant was selling controlled substances in the North Lauderdale area. Beginning in February 2023, law enforcement surveilled the Defendant coming and going from a residence in North Lauderdale and conducting hand-to-hand transactions outside a nearby store. At law enforcement direction (and under law enforcement surveillance), a confidential informant bought drugs from the Defendant, which the Defendant brought from that residence. On April 20, 2023, officers executed a search warrant on that residence, finding fentanyl, cocaine, and oxycodone in a dresser that also contained clothing and jewelry that officers had observed the Defendant wearing previously. They also discovered a firearm in another room (though law enforcement did not charge the Defendant with possession of that firearm due to a lack of evidence). In addition to establishing probable cause that the Defendant had committed the alleged violations, the evidence also suggested that the Defendant had been living (at least partially) at the North Lauderdale residence, while leading the U.S. Probation Office to believe he was residing with his parents in Lake Worth. Based on these facts, as well as the Defendant's criminal history (which included at least one previous cocaine trafficking offense in addition to the convictions that generated his current term of supervised release and four probation violations), I found that the Defendant had not met his burden of proving by clear and convincing evidence that he was neither a risk of flight nor a danger to the community. *See* 18 U.S.C. §3143(a)(1); Fed. R. Cr. P. 32.1(a)(6). Consequently, I ordered the Defendant detained pending a final revocation hearing.

In the Motion, the Defendant seeks a temporary bond to allow him to attend his grandmother's funeral on Saturday, October 14, 2023. He represents that he was particularly close with his grandmother, who cared for him and his mother for the first six years of his life. The Defendant proposes that he be released on a personal surety bond with an order that the Federal

Detention Center (FDC) release him at 9:00 a.m. on Saturday and that he surrender to FDC by 6:00 p.m. the next day, allowing him to attend the funeral at 2:00 p.m. and the family meal to follow. The Defendant asserts that the Court has discretion to release him under 18 U.S.C. § 3142(i) (which permits temporary release for a "compelling reason").

The Government opposes the Motion. The Government represents that it intends to seek an indictment next week to charge the offenses currently pending in state court federally. The Government emphasizes that these charges, involving possession with intent to distribute controlled substances, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon[1], are the same charges the Defendant faced in the case that led to his term of supervised release. The Government asserts that, if convicted of these new potential federal charges, the Defendant would qualify as a "career offender" and face a guideline range sentence of 262-327 months' imprisonment, followed by a mandatory minimum consecutive sentence of five years. The Government also points out the Defendant's criminal history (summarized above) including his four violations of probation. In short, the Government argues that the Defendant's criminal history, combined with the incredibly significant sentence he could face if charged and convicted federally, indicate that there are no conditions or combination of conditions that will assure the Defendant's appearance in court and the safety of the community.

I decline to grant the Defendant's Motion for several reasons. For one, it is unclear that the statutory authority the Defendant cites applies to his situation. I do not doubt the Defendant's sincerity in wanting to attend his grandmother's funeral. I am quite sympathetic to the loss the Defendant feels and the pain and regret he must feel at the thought of missing this opportunity to

---

[1] As stated above, the Defendant has not been charged by the state in connection with the firearm found in the residence, and there is no pending alleged violation of supervised release in connection with this firearm. The Government does not describe what additional evidence, if any, it has developed since May 2023 to support the firearm charges.

grieve with his family. However, even assuming this circumstance qualifies as a "compelling reason" under § 3142, the Defendant is being held pursuant to § 3143, not § 3142. Therefore, it is unclear whether § 3142(i) applies.

Second, for the reasons argued by the Government (and for the reasons I articulated at the Defendant's detention hearing to begin with) there are significant concerns with the Defendant's willingness and ability to abide by conditions of release, even for the brief period of release he proposes, and that the Defendant will surrender as ordered. Significantly, while the Defendant proposes to only be released for a period of nine hours on Saturday, it is unclear that FDC could accommodate the Defendant's proposal given that it would occur on a weekend. Indeed, more likely, the Defendant would need to be released on Friday, with self-surrender to U.S. Probation or the U.S. Marshals, the following Monday. The Defendant does not indicate where he would reside during that time, and, while he might propose to stay at his parents' residence (as he did at the detention hearing), there is already evidence that the Defendant misled U.S. Probation about residing there during his term of supervised release. Indeed, while U.S. Probation did not file a formal written response to the Motion, I have spoken to the Defendant's Probation Officer, who has indicated that his office opposes the Motion for these very concerns. Therefore, I do not find the Defendant's proposal of release on a personal surety bond for nine hours on a Saturday to be sufficient to assure his appearance.

Finally, a review of the docket in one of the Defendant's pending state cases – case number 23004463CF10A – shows that there is an active capias warrant pending against the Defendant from July 24, 2023. It appears that this warrant stems from either a change of charge or a missed hearing (or both) while the Defendant has been detained on this case. To be clear, I do not consider this pending warrant to be any additional indication of risk of non-appearance; it is plain

that the Defendant has been in custody during the events that triggered the warrant. Nevertheless, I have had the U.S. Probation Office contact the Assistant State Attorney on the Defendant's case, who confirmed that the warrant is active and triggers a hold preventing the Defendant from being released. This Court has no power over this pending warrant. In other words, even if the Court were to grant the Defendant's Motion and order him released temporarily from FDC, the pending state warrant would require him to be held for state authorities to take him into custody (thus likely preventing him from attending the funeral he seeks to attend).

For the foregoing reasons, it is

ORDERED AND ADJUDGED that the Motion [DE 47] is **DENIED**.

DONE AND ORDERED at Fort Lauderdale, Florida, this 12th day of October, 2023.

*[signature]*

JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE